# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Mar 12, 2026
s/ OH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>Information related to Apple account jm61@hotmail.co.uk (the "Account") that is stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at One Apple Park Way, MS: 169-5CLP, Cupertino, CA 95014. | Case No. 26-M-325<br><br>Matter No. 2022R00488 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the **Eastern** District of **Wisconsin**
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before **3-26-26** *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to **Hon. Stephen C. Dries**.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: **3-12-26. 9:45 am**        */s/ Stephen C. Dries*
                                                  *Judge's signature*

City and state: **Milwaukee, Wisconsin**          **Hon. Stephen C. Dries, U.S. Magistrate Judge**
                                                  *Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

This warrant applies to information related to Apple account **jm61@hotmail.co.uk** (the "Account") that is stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at One Apple Park Way, MS: 169-5CLP, Cupertino, CA 95014.

6

# ATTACHMENT B
## Particular Things to Be Seized

The Provider is hereby ordered to disclose the above information to the Government within **14** days of the issuance of this warrant.

### I. <u>Information to be disclosed by Apple, Inc. (the "Provider")</u>

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is located within or outside of the United States, and including any information that has been deleted but is still available to the provider or has been preserved pursuant to a request made under 18 U.S.C. § 2703(D), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A for the time period **January 1, 2025 to present**:

    a. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers, email addresses (including primary, alternate, rescue, and notification email addresses, and verification information for each email address), the date on which the account was created, the length of service, the IP address used to register the account, account status, associated devices, methods of connecting, and means and source of payment (including any credit or bank account numbers);

    b. All records or other information regarding the devices associated with, or used in connection with, the account (including all current and past trusted or authorized iOS devices and computers, and any devices used to access Apple services), including

7

serial numbers, Unique Device Identifiers ("UDID"), Advertising Identifiers ("IDFA"), Global Unique Identifiers ("GUID"), Media Access Control ("MAC") addresses, Integrated Circuit Card ID numbers ("ICCID"), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identities ("IMSI"), and International Mobile Station Equipment Identities ("IMEI");

  c. The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account (including all draft emails and deleted emails), the source and destination addresses associated with each email, the date and time at which each email was sent, the size and length of each email, and the true and accurate header information including the actual IP addresses of the sender and the recipient of the emails, and all attachments;

  d. The contents of all instant messages associated with the account, including stored or preserved copies of instant messages (including iMessages, SMS messages, and MMS messages) sent to and from the account (including all draft and deleted messages), the source and destination account or phone number associated with each instant message, the date and time at which each instant message was sent, the size and length of each instant message, the actual IP addresses of the sender and the recipient of each instant message, and the media, if any, attached to each instant message;

8

e. The contents of all files and other records stored on iCloud, including all iOS device backups, all Apple and third-party app data, all files and other records related to iCloud Mail, iCloud Photo Sharing, My Photo Stream, iCloud Photo Library, iCloud Drive, iWork (including Pages, Numbers, Keynote, and Notes), iCloud Tabs and bookmarks, and iCloud Keychain, and all address books, contact and buddy lists, notes, reminders, calendar entries, images, videos, voicemails, device settings, and bookmarks;

f. All activity, connection, and transactional logs for the account (with associated IP addresses including source port numbers), including FaceTime call invitation logs, messaging and capability query logs (including iMessage, SMS, and MMS messages), mail logs, iCloud logs, iTunes Store and App Store logs (including purchases, downloads, and updates of Apple and third-party apps), My Apple ID and iForgot logs, sign-on logs for all Apple services, Game Center logs, Find My and AirTag logs, logs associated with web-based access of Apple services (including all associated identifiers), and logs associated with iOS device purchase, activation, and upgrades;

g. All records and information regarding locations where the account or devices associated with the account were accessed, including all data stored in connection with AirTags, Location Services, Find My, and Apple Maps;

h. All records pertaining to the types of service used;

i. All records pertaining to communications between Apple and any person regarding the account, including contacts with support services and records of actions taken;

9

j. All files, keys, or other information necessary to decrypt any data produced in an encrypted form, when available to Apple (including, but not limited to, the keybag.txt and fileinfolist.txt files);

k. Find My IPhone Logs: It is possible Apple may have Find My IPhone remote wipe activity logs that would include date, time and IP address related to the request to initiate a remote wipe by the account holder, Find My IPhone transactional activity for requests to remotely lock or erase a device may be available with an order under 18 USC § 2703(d) or a court order with the equivalent legal standard or a search warrant. To obtain these records you would need to serve the appropriate legal process on Apple Inc. via fax at 408-974-9316. These records are available based on subscriber information such as an Apple ID and/or email address, or full name and phone number, or full name and physical address.

The Provider is hereby ordered to disclose the above information to the Government within **14** days of the issuance of this warrant.

II. <u>**Information to be seized by the government**</u>

All information described above in Section I that constitutes evidence and/or instrumentalities of violations of 18 U.S.C. § 1073 involving the subscriber since **January 1, 2025**, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

a. Records and information regarding the subscriber's flight from prosecution;

10

b. Records and information regarding the subscriber's ties to other individuals who are party to the violation set forth in this application;

c. Evidence indicating how and when the account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and the account subscriber;

d. Any records pertaining to the means and source of payment for services (including any credit card or bank account number or digital money transfer account information);

e. Evidence indicating the subscriber's state of mind as it relates to the crime under investigation, including interests and motivations; and

f. Evidence that may identify any co-conspirators or aiders and abettors, including records that help reveal their whereabouts.

This warrant authorizes a review of electronically stored information, communications, and other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Mar 12, 2026
s/ OH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Information related to Apple account jm61@hotmail.co.uk (the "Account") that is stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at One Apple Park Way, MS: 169-5CLP, Cupertino, CA 95014.

Case No. 26-M-325

Matter No. 2022R00488

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the **Eastern** District of **Wisconsin**, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 1073 | Flight to avoid prosecution |

The application is based on these facts:
See attached affidavit.

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
Christopher W. Sickler, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by **telephone** *(specify reliable electronic means)*.

Date: 3-12-26

*Judge's signature*

City and state: Milwaukee, Wisconsin     Hon. Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Christopher W. Sickler being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

I am a Special Agent with the FBI and have been since July 2015. I am involved in investigations of persons suspected of violations of Federal law in the State of Wisconsin and throughout the United States. I have gained experience conducting investigations through formal training and consultation with local, state, and federal law enforcement agencies as well as from law enforcement investigations themselves. I have assisted in multiple criminal investigations and participated in numerous search and arrest warrants related to such investigations.

The facts in this affidavit come from my personal observations, my training and experience, and from information obtained from other agents and witnesses. This affidavit is intended to show simply that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

Based on the facts as set forth in this affidavit, there is probable cause to believe that the information described in Attachment A contains evidence of violations of 18 U.S.C. § 1073, as described in Attachment B.

## JURISDICTION

This Court has jurisdiction to issue the requested warrant because it is "a court of

competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## Apple Inc.

Apple Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

## PROBABLE CAUSE

1. Two foreign nationals, Cui Guanghai, 43, of China, and Miller, 63, of the United Kingdom solicited the procurement of U.S. defense articles, including missiles, air defense radar, drones, and cryptographic devices with associated crypto ignition keys for unlawful export from the United States to the People's Republic of China from two individuals.

2. In connection with the scheme, Cui and Miller discussed with those individuals ways to export a cryptographic device from the United States to the People's Republic of China, including concealing the device in a blender, small electronics, or motor starter, and shipping the device first to Hong Kong. Cui and Miller paid approximately $10,000 as a deposit for the cryptographic device via a courier in the United States and a wire transfer to a U.S. bank account.

3. In late April 2025, Miller and Cui arranged to meet in Budapest with the individuals from whom they believed they were to acquire defense articles. Instead, a Hungarian official informed the Chinese embassy in Budapest that a Chinese national

2

was to be arrested in Budapest at the time of the arranged meeting, and someone from the Chinese embassy warned Miller and Cui of their impending arrest.

4. Miller and Cui fled to Serbia, and were arrested at the Hyatt Hotel in Belgrade, Serbia on an INTERPOL Diffusion notice.

5. On May 20, 2025, Cui and Miller were indicted in the Eastern District of Wisconsin and charged with conspiracy, smuggling, and violations of the Arms Export Control Act.

6. On or about May 21, 2025, Cui and Miller were moved from a Serbian prison to ankle-monitored house arrest in Belgrade. On or about August 4, 2025, at approximately 12:43 a.m. and 12:54 a.m. respectively, Miller and Cui's electronic monitoring devices alerted Serbian authorities that they had been damaged. When Serbian authorities checked the location of Miller's house arrest at approximately 1:43 p.m., Miller was no longer there. It is unknown when CUI's house arrest location was checked, however, both Miller and Cui were later confirmed to have fled Serbian custody.

7. On December 09, 2025, Magistrate Judge William E. Duffin issued a warrant to search and seize certain information related to John Miller's Hotmail account jm61@hotmail.co.uk.

8. Found within the return of the search warrant issued on December 09, 2025, was an email dated July 31, 2025, from Apple Inc. showing renewal of an iCloud account under the account ID of jm61@hotmail.co.uk, with associated billing and payment information of: John Miller, 15 Whybourne Rise, Tunbridge Wells TN 2JG UK. Given the date and time that the email was sent, Miller was still in custody in Serbia and had not

3

yet escaped from custody. It is unknown who may have helped Miller and his co-conspirator Cui escape from custody, but it is probable that communications, plans or schemes are stored in the Apple Inc. iCloud account listed under username / ID jm61@hotmail.co.uk.

9. The date the email was sent is key given the fact that Miller and Cui escaped from custody in Serbia on or about four days later. Miller was still in use of the Apple iCloud account as of his and Cui's escape. Moreover, the ability to escape from a country undetected from the local authorities presupposes that a significant amount of thought, effort, probable assistance from unknown parties, and planning went into their escape. Any of the ideas, schemes, communications, plans and intentions that would have been discussed, messaged, or saved to Miller's device(s) and connected to the Apple iCloud account would have been sent there for storage and retention.

10. Based on my training and experience, Miller is likely to have communicated with or saved information to Apple account jm61@hotmail.co.uk of his and Cui's plan to escape from Serbian custody, documented notes to himself regarding the escape, saved communications related to the escape with others yet to be determined, and or information related to post escape activities or whereabouts.

## CONCLUSION

11. Based on the forgoing, I request that the Court issue the proposed search warrant because there is probable cause to believe evidence of Miller's violations of This in violation of 18 U.S.C. § 1073 will be found in the records indicated in Attachment B.

4

Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving the warrant on Microsoft Corporation. Because the warrant will be served on Microsoft Corporation, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## **REQUEST FOR SEALING**

I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give the target(s) an opportunity to flee from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

# ATTACHMENT A

## Property to Be Searched

This warrant applies to information related to Apple account **jm61@hotmail.co.uk** (the "Account") that is stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at One Apple Park Way, MS: 169-5CLP, Cupertino, CA 95014.

# ATTACHMENT B
## Particular Things to Be Seized

The Provider is hereby ordered to disclose the above information to the Government within **14** days of the issuance of this warrant.

### I.     Information to be disclosed by Apple, Inc. (the "Provider")

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is located within or outside of the United States, and including any information that has been deleted but is still available to the provider or has been preserved pursuant to a request made under 18 U.S.C. § 2703(D), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A for the time period **January 1, 2025 to present**:

a.     All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers, email addresses (including primary, alternate, rescue, and notification email addresses, and verification information for each email address), the date on which the account was created, the length of service, the IP address used to register the account, account status, associated devices, methods of connecting, and means and source of payment (including any credit or bank account numbers);

b.     All records or other information regarding the devices associated with, or used in connection with, the account (including all current and past trusted or authorized iOS devices and computers, and any devices used to access Apple services), including

7

serial numbers, Unique Device Identifiers ("UDID"), Advertising Identifiers ("IDFA"), Global Unique Identifiers ("GUID"), Media Access Control ("MAC") addresses, Integrated Circuit Card ID numbers ("ICCID"), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identities ("IMSI"), and International Mobile Station Equipment Identities ("IMEI");

  c. The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account (including all draft emails and deleted emails), the source and destination addresses associated with each email, the date and time at which each email was sent, the size and length of each email, and the true and accurate header information including the actual IP addresses of the sender and the recipient of the emails, and all attachments;

  d. The contents of all instant messages associated with the account, including stored or preserved copies of instant messages (including iMessages, SMS messages, and MMS messages) sent to and from the account (including all draft and deleted messages), the source and destination account or phone number associated with each instant message, the date and time at which each instant message was sent, the size and length of each instant message, the actual IP addresses of the sender and the recipient of each instant message, and the media, if any, attached to each instant message;

e. The contents of all files and other records stored on iCloud, including all iOS device backups, all Apple and third-party app data, all files and other records related to iCloud Mail, iCloud Photo Sharing, My Photo Stream, iCloud Photo Library, iCloud Drive, iWork (including Pages, Numbers, Keynote, and Notes), iCloud Tabs and bookmarks, and iCloud Keychain, and all address books, contact and buddy lists, notes, reminders, calendar entries, images, videos, voicemails, device settings, and bookmarks;

f. All activity, connection, and transactional logs for the account (with associated IP addresses including source port numbers), including FaceTime call invitation logs, messaging and capability query logs (including iMessage, SMS, and MMS messages), mail logs, iCloud logs, iTunes Store and App Store logs (including purchases, downloads, and updates of Apple and third-party apps), My Apple ID and iForgot logs, sign-on logs for all Apple services, Game Center logs, Find My and AirTag logs, logs associated with web-based access of Apple services (including all associated identifiers), and logs associated with iOS device purchase, activation, and upgrades;

g. All records and information regarding locations where the account or devices associated with the account were accessed, including all data stored in connection with AirTags, Location Services, Find My, and Apple Maps;

h. All records pertaining to the types of service used;

i. All records pertaining to communications between Apple and any person regarding the account, including contacts with support services and records of actions taken;

9

j. All files, keys, or other information necessary to decrypt any data produced in an encrypted form, when available to Apple (including, but not limited to, the keybag.txt and fileinfolist.txt files);

k. Find My IPhone Logs: It is possible Apple may have Find My IPhone remote wipe activity logs that would include date, time and IP address related to the request to initiate a remote wipe by the account holder, Find My IPhone transactional activity for requests to remotely lock or erase a device may be available with an order under 18 USC § 2703(d) or a court order with the equivalent legal standard or a search warrant. To obtain these records you would need to serve the appropriate legal process on Apple Inc. via fax at 408-974-9316. These records are available based on subscriber information such as an Apple ID and/or email address, or full name and phone number, or full name and physical address.

The Provider is hereby ordered to disclose the above information to the Government within **14** days of the issuance of this warrant.

II. <u>**Information to be seized by the government**</u>

All information described above in Section I that constitutes evidence and/or instrumentalities of violations of 18 U.S.C. § 1073 involving the subscriber since **January 1, 2025**, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

a. Records and information regarding the subscriber's flight from prosecution;

10

b. Records and information regarding the subscriber's ties to other individuals who are party to the violation set forth in this application;

c. Evidence indicating how and when the account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and the account subscriber;

d. Any records pertaining to the means and source of payment for services (including any credit card or bank account number or digital money transfer account information);

e. Evidence indicating the subscriber's state of mind as it relates to the crime under investigation, including interests and motivations; and

f. Evidence that may identify any co-conspirators or aiders and abettors, including records that help reveal their whereabouts.

This warrant authorizes a review of electronically stored information, communications, and other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

11